IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| for the use and benefit of EWS TEXAS, ) | |
| INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-00288-RAH-KFP |
| ) | [WO] |
| THE ROBINS & MORTON GROUP, ) | |
| *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

The United States of America, for the use and benefit of EWS Texas, Inc. (EWS), sues Defendants The Robins & Morton Group (RMG) and Zurich American Insurance Company (Zurich) under the Miller Act, 40 U.S.C. § 3131, *et seq.*, and the Alabama Prompt Payment Act, Ala. Code § 8-29-3, after the Defendants allegedly failed to pay EWS for work performed on a construction project at the Fort Rucker Training Support Facility. RMG has moved to compel arbitration of all claims against it and to stay this action. Zurich consents to RMG's requested relief but does not seek arbitration of the claims against it. EWS opposes RMG's motion. The motion being fully briefed and ripe for review, the Court concludes that it is due to be granted.

1

## II. JURISDICTION AND VENUE

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. The Court finds adequate allegations to support both jurisdiction and venue.

## III. BACKGROUND

According to the Complaint, RMG entered into a construction contract with the United States Army Corps of Engineers to construct the Fort Rucker Training Support Facility. (Doc. 1 at 3.) RMG obtained a payment bond for which Zurich was the surety. (*Id.*) On June 14, 2021, RMG entered into a Subcontract with EWS for work on the project, including roof and siding installation. (*Id.*) RMG failed to pay EWS amounts due and owing under the Subcontract after EWS completed its work and demanded payment. (*Id.*)

On May 1, 2023, EWS sued RMG and Zurich, asserting four causes of action: (1) suit on the payment bond, brought jointly against RMG and Zurich; (2) breach of contract, brought against RMG; (3) quantum meruit, brought against RMG; and (4) violation of the Alabama Prompt Payment Act, brought against RMG. (Doc. 1 at 4–9.)

## IV. LEGAL STANDARD

There is an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985). The Federal Arbitration Act (FAA) requires courts to "rigorously enforce

agreements to arbitrate." *Davis v. Prudential Sec., Inc.*, 59 F. 3d 1186, 1192 (11th Cir. 1995) (quoting *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). "[T]he party seeking to compel arbitration bears the burden of proving . . . the existence of a binding arbitration agreement, its applicability to the claim at issue, and a sufficient connection to interstate commerce[.]" *Hammonds v. Montgomery Children's Specialty Center, LLC*, No. 2:21-cv-448-MHT, 2023 WL 4474095, at *2 (M.D. Ala. July 11, 2023) (citation omitted). "If the moving party makes the requisite showing, the burden shifts to the nonmoving party to present evidence that the arbitration agreement is invalid or inapplicable to the dispute in question. Finally, if the court finds that there is a binding and enforceable arbitration clause pursuant to the FAA, it is required to order the parties to submit to arbitration. Additionally, if one of the parties to the agreement requests a stay of litigation pending said arbitration, the court is statutorily bound to grant the stay." *Id.* (citations omitted).

## V. DISCUSSION

RMG asserts that EWS must pursue its claims against RMG in arbitration in accordance with the arbitration clause contained in the Subcontract between RMG and EWS. EWS opposes the motion, arguing that Miller Act claims cannot be arbitrated and because the scope of the arbitration clause does not require arbitration of EWS's claims. Neither argument is persuasive.

## A. The Miller Act

Asserting the parties did not contractually waive the right to bring a civil action in federal court under the Miller Act, 40 U.S.C. § 3131, *et seq.*, EWS maintains the arbitration of disputes solely between RMG and EWS is statutorily prohibited. EWS relies on § 3133(c) of the Miller Act which provides that a waiver of the right to bring a civil action on a payment bond is void unless the waiver is in writing, signed by the person whose right is waived, and is executed after the person whose right is waived has furnished labor or material for use in the performance of the contract. 40 U.S.C. § 3133(c). According to EWS, the waiver provision applies because the Subcontract's arbitration clause is a "quintessential waiver of the right to bring a civil action" and, by analogy, courts have refused to enforce forum selection clauses that require Miller Act suits to be brought in state court rather than federal court. (Doc. 23 at 3.) EWS cites to no case decisions that support its argument while RMG cites to numerous other court decisions that support its position.

The Court sees little reason to discuss this issue further, especially in the absence of any authority from EWS. In short, courts have overwhelmingly concluded that Section 3133(c) of the Miller Act does not prohibit enforcement of an arbitration agreement executed before the subcontractor has furnished labor or material for use in the performance of the contract. *See, e.g., United States v.*

*International Fidelity Ins. Co.*, 232 F. Supp. 3d 1193, 1195–98 (S.D. Ala. 2017); *United States ex rel. Milestone Tarant, LLC v. Fed. Ins. Co.*, 672 F. Supp. 2d 92, 104 (D.D.C. 2009) (collecting cases).  The Court agrees with the logic in those decisions.  *See also United States ex rel. Harbor Const. Co., Inc. v. T.H.R. Enters., Inc.*, 311 F. Supp. 3d 797, 802 (E.D. Va. 2018).  Accordingly, EWS's Miller Act waiver argument is unavailing and due to be rejected.

### B. Scope of the Arbitration Agreement

Citing Article 30 (Claims and Disputes; Arbitration as a Remedy) of the Subcontract, EWS argues "only those claims which are the result of the Owner's errors and omissions are subject to arbitration" and since "EWS' claims are not against the Owner nor does EWS allege that the Owner is at fault" and that its "damages are the result of Robins & Morton's errors and omissions, not the Owner's," then EWS's claims against RMG cannot be forced into arbitration.  RMG responds, arguing that EWS misinterprets the language in Article 30 and in fact has it backwards.[1]

The Subcontract (*see* Doc. 16-2 at 6–49) provides that "any disputes between [RMG] and [EWS] not resolved under Paragraphs 30.2 and 30.3 shall be finally

---

[1] Neither party argues that this is an issue of arbitrability that must be submitted to the arbitrator for resolution due to the existence of a delegation clause.  *Compare Betkowski v. Kelley Foods of Ala, Inc.*, 697 F. Supp. 2d 1296, 1300–01 (M.D. Ala. 2010), *with Neal v. GMRI, Inc.*, No. 1:19-cv-647-RAH, 2020 WL 698270, at *4–5 (M.D. Ala. Feb. 11, 2020).  Accordingly, the Court does not consider this issue.

5

determined by binding arbitration in accordance with the Construction Industry Rules of the American Arbitration Association as those Rules existed on January 1, 1994 (notwithstanding any later amendments, except as to fees) by one or more arbitrators selected in accordance with said Rules." (Doc. 16-2 at 16.)  Paragraph 30.2 provides, "In case of any dispute between [RMG] and [EWS], in any way relating to or arising *from any act or omission of the [Army Corps] or involving the Contract Documents*, [EWS] agrees to be bound to [RMG] to the same extent that [RMG] is bound to the [Army Corps], by the terms of the Contract Documents, and by any and all preliminary and final decisions or determinations made thereunder by the party, board or court so authorized in the Contract Documents or by law, whether or not [EWS] is a party to such proceedings." (*Id.*)  And paragraph 30.3 provides, "If an appeal or legal proceeding is specifically permitted by the Contract Documents and if requested in writing by [EWS], [RMG] will, in its name and on [EWS's] behalf, appeal any decision of [the Army Corps] or Architect or institute a legal proceeding against [the Army Corps] based on any just claim by [EWS] involving the Work." (*Id.*)

    The Court disagrees with EWS's interpretation of the scope of Article 30 and, alternatively, EWS's assertion of ambiguity concerning Paragraphs 30.2, 30.3 and 30.4.  Article 30 generally contemplates two types of claims: (1) claims brought by EWS that arise out of conduct by the Army Corps, and (2) claims brought by EWS

6

that arise out of conduct by RMG that is unrelated to the acts of the Army Corps. The former type of claims arguably cannot be arbitrated, as they contemplate an action whereby EWS is bound by whatever resolution and outcome that RMG obtains from and against the Army Corps. The latter type of claims however must be arbitrated.

In its brief, EWS concedes that its claims are against RMG, that EWS's claims are not against the Army Corps, that the Army Corps bears no fault for EWS's damages, and that EWS's damages flow from RMG's own errors and omissions. Under the plain language of Paragraphs 30.2, 30.3 and 30.4 of Article 30, these are the type of claims that must be determined by binding arbitration in accordance with the Construction Industry Rules of the American Arbitration Association. That was the agreement of the parties. Contrary to EWS's assertion, there is no ambiguity, but to the extent there is ambiguity, considering the favorability that must be shown toward enforcement of arbitration agreements under the FAA, such ambiguity must be construed in favor of enforcing the arbitration agreement. *Lamps Plus, Inc. v. Varela*, 587 U.S. __, 139 S.Ct. 1407, 1418 (2019) (stating the Supreme Court has "repeatedly held that ambiguities about the scope of an arbitration agreement must be resolved in favor of arbitration." (citations omitted)).

## VI. CONCLUSION

Accordingly, it is ORDERED that,

(1) Defendant The Robins & Morton Group's *Motion to Compel Arbitration and to Stay This Action Pending Arbitration* (Doc. 16) is **GRANTED**;

(2) Plaintiff United States of America, for the use and benefit of EWS Texas, Inc., shall immediately pursue its claims against Defendant The Robins & Morton Group by binding arbitration in accordance with the Construction Industry Rules of the American Arbitration Association;

(3) This action is **STAYED**, including the claims brought against Zurich American Insurance Company, pending resolution of the arbitration proceeding;

(4) On or before **November 10, 2023**, and on or before the tenth day of every second month thereafter, the Defendants are ORDERED to jointly file and serve a report detailing the status of the arbitration proceeding;

(5) Plaintiff shall notify the Court of the conclusion of the arbitration proceeding within fourteen days of the same.

**DONE** on this the 28th day of September 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE